# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MONDOVI DAIRY SYSTEMS, INC. EMPLOYEE BENEFIT PLAN and TERRI ROYTEK,<br><br>       Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF WISCONSIN a/k/a  ANTHEM BLUE CROSS AND BLUE SHIELD a/k/a BLUE CROSS BLUE SHIELD OF WISCONSIN, INC., –and– COMPCARE HEALTH SERVICES INSURANCE CORP., a/k/a ANTHEM BLUE CROSS AND BLUE SHIELD, a/k/a BLUE CROSS BLUE SHIELD OF WISCONSIN INC.,<br><br>       Defendants. | Case No. 15-CV-826-JPS<br><br><br><br><br><br><br><br>ORDER |

The plaintiffs, Mondovi Dairy Systems, Inc. Benefit Plan and Terri Roytek (collectively "the plaintiffs"),[1] originally filed this action in the Milwaukee County Circuit Court on June 23, 2015. (Docket #1-1). On July 7, 2015, the defendants, Compcare Health Services Insurance Corporation and Blue Cross Blue Shield of Wisconsin (collectively "the defendants"), removed the action to this Court. (Docket #1) On September 11, 2015, the plaintiffs filed an Amended Complaint. (Docket #11). On September 24, 2015, the defendants filed a motion to dismiss the Amended Complaint for the failure to state a claim and for lack of subject matter jurisdiction. (Docket #15). The

---

[1] The original Complaint only listed Terri Roytek as a plaintiff. (Docket #1-1). The Amended Complaint added Mondovi Dairy Systems, Inc. Benefit Plan as a plaintiff. (Docket #11).

matter is now fully briefed and ready for disposition.[2] As discussed more thoroughly below, the Court will grant the defendants' motion to dismiss and dismiss this action.

1.    FACTUAL BACKGROUND

The following background facts are based on the allegations of plaintiffs' Amended Complaint, which the Court  must accept as true for purposes of deciding the motion to dismiss. *See, e.g., CEnergy–Glenmore Wind Farm No. 1, LLC v. Town of Glenmore*, 769 F.3d 485, 486 (7th Cir. 2014). Additional fact are provided beyond the Amended Complaint to determine whether a live controversy exists. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

Ms. Roytek is a participant in the Mondovi Dairy Systems, Inc. Employee Benefit Plan ("Medical Plan"), an employee benefit plan governed by ERISA. (Am. Compl., Docket #11 ¶¶ 1-2, 7). Under the Medical Plan, Defendants Blue Cross Blue Shield of Wisconsin and Compcare Health Services Insurance Corporation provide benefits to participants. (Am. Compl., Docket #11 ¶¶ 5-6).[3]

---

[2]The plaintiffs assert in their Opposition that they did not have access to the defendants' brief in support for their motion to dismiss. (Pls' Opp. at 1). This assertion, however, is baseless, as the docket notation for the defendants' brief states, in highlighted red font, "This document and/or certain attachments are restricted to case participants and attorneys of record should use their efiling login and password to view this document." (Docket #16). For this reason, the Court will disregard the plaintiffs' argument as to the availability of the brief.

[3]Ms. Roytek initially brought suit under her dental plan (*see* Compl., Docket 1-1), however, she later amended her complaint to sue under the Medical Plan (*See* Am. Compl., Docket #11 ¶ 5).

At some point prior to August 1, 2012, the defendants issued a policy of health insurance, Policy No. 00130588-000, which provided insurance for health care of the plan participants that is "medically necessary." (Am. Compl., Docket #11 ¶ 6). Prior to August 1, 2012, a participant of the plan (Ms. Roytek)[4] was diagnosed by her health care providers as needing "complex oral surgery to correct a class-II malocclusion and transverse maxillary deficiency." (Am. Compl., Docket #11 ¶ 7 ). Ms. Roytek's health care providers prescribed care that was appropriate and necessary for the symptoms, diagnosis, or treatment of her condition. (Am. Compl., Docket #11 ¶ 8). Further, the care prescribed was within standards of good health care practice within the organized health care community. (Am. Compl., Docket #11 ¶ 10).

Prior to August 1, 2012, Ms. Roytek's health care providers submitted proof to the defendants that their recommended treatment for the participant was "medically necessary" as the term was used in the Medical Plan. (Am. Compl., Docket #11 ¶ 13). Also, prior to August 1, 2012, Ms. Roytek, as administrator of the Medical Plan, applied to the defendants for approval for the treatment recommended by her health providers. (Am. Compl., Docket #11 ¶ 14).

On an unspecified date, the defendants refused to authorize the recommended treatment on the grounds that it was not "medically necessary." (Am. Compl., Docket #11 ¶ 15). The plaintiffs maintain that the defendants' denial of benefits under the policy was not "substantially

---

[4]The Amended Complaint does not name this unidentified "participant," however, it becomes clear from the parties later filings that this participant refers to Ms. Roytek. To avoid any confusion, the Court will simply use Ms. Roytek's name for the remainder of its discussion.

justified" for a long list of reasons that for the most part are related to the qualifications of the doctor who denied the claim. (Am. Compl., Docket #11 ¶ 16). Based on these allegations, the plaintiffs sued the defendants for breach of contract (Am. Compl., Docket #11 ¶¶ 17, 19) and bad faith denial of coverage (Am. Compl., Docket #11 ¶¶ 20-22).

Following the initiation of this action, Ms. Roytek commenced an internal grievance procedure on July 14, 2015.[5] (Declaration of Brandi Easterday, Ex. A ("August 13 Letter"), at 2); (Docket #3 ¶ 1). In support of her grievance, Ms. Roytek submitted additional information in support of her claim that her jaw surgery was medically necessary. (August 13 Letter at 2, Docket #17) (listing documents provided as "June 1, 2015 letter and attachments, August 10, 2015 letter and attachments, claim forms, medical records, medical policies, and [her] Health Certificate (benefit booklet)". In particular, the grievance committee called Ms. Roytek's health care provider to obtain the measurements for the jaw surgery that were not included in the file. (August 13 Letter at 3, Docket #17).

At the end of the internal appeal, the grievance committee decided to overturn the original denial of benefits for the proposed oral surgery based in part on the new medical review and the new information obtained. (August 13 Letter at 3 Docket #17). The grievance committee decided to uphold the denial of benefits for the proposed dental implants and CT scan

---

[5]ERISA requires employee benefit plans to offer internal appeal procedures. *See* 29 U.S.C. § 1133(2). Consequently, courts interpret ERISA to require plan participants to exhaust those procedures prior to filing suit based on a denial of benefits. *See, e.g., Edwards v. Briggs & Stratton Retirement Plan*, 639 F.3d 355, 360 (7th Cir. 2011) ("[W]e have interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute.").

because those procedures were not covered under the policy. (August 13 Letter at 3, Docket #17).

2.    LEGAL STANDARDS

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When reviewing a complaint, the Court construes it in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all reasonable inferences in the plaintiff's favor. *See Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix, Ill.*, 779 F.3d 706, 711 (7th Cir. 2015).

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.,* — F.3d —, 2015 WL 2151851, at *12  (7th Cir. May 8, 2015) (explaining that a plausible claim need only "'include enough details about the subject-matter of the case to present a story that holds together.'") (quoting *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)). Thus, a plausible claim is one with "enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556.

To state a plausible claim, a plaintiff is not, however, required to plead specific or detailed facts, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), nor does the plausibility standard also "impose a probability requirement on plaintiffs: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that

recovery is very remote and unlikely.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556); *see Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) ("In deciding or reviewing a Rule 12(b)(6) motion, [courts] do not ask did these things happen; instead, the proper question to ask is still *could* these things have happened.") (internal quotations omitted). And, there is also no requirement that plaintiffs must state in their complaint "all possible legal theories." *Camasta*, 761 F.3d at 736 (citing *Dixon v. Page*, 291 F.3d 485, 486-87 (7th Cir. 2002)); *see Runnion*, 2015 WL 2151851, at *3 (finding a lower court's conclusion that a plaintiff must allege "facts supporting specific legal theories [to be] problematic, to say the least").

For purposes of the Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1), the facts in plaintiffs' Amended Complaint are still treated as true, but the Court may look beyond the Amended Complaint in order to determine whether a live controversy exists. *See, e.g., Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("[W]hen considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.") (internal quotation marks and alterations omitted).

3.      DISCUSSION

The defendants bring their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Docket #16). Defendants argue that: (1) the plaintiffs' claims cannot survive because they are completely preempted by ERISA; (2) the plaintiffs' claims are moot and should be dismissed with prejudice; and (3) the plaintiffs' breach of contract and bad

faith failure to pay benefits claims cannot stand because there is no obligation and is not the fact that Ms. Roytek had the proposed medical procedure and that benefits could be owed to her. (Defs' Opening Br. at 1-2, Docket #16).

The plaintiffs oppose the motion and argue that: (1) even if the claims are preempted by ERISA, dismissal is not warranted; (2) the claims are not moot because three of the five medical procedures requested continue to be denied and future claims may exist; and (3) alternatively, the case is also not moot because the plaintiffs are entitled to attorneys fees and costs. (Pl's Opp. at 2-9). The Court will discuss each argument in turn, and, as detailed below, the Court will grant the defendants' motion to dismiss.

### 3.1    ERISA Preemption[6]

The plaintiffs' Amended Complaint brings two state law causes of action: (1) breach of contract; and (2) bad faith. It is well settled—and the plaintiffs do not appear to dispute—that the state law claims at issue in this case are preempted by ERISA. The plaintiffs' Amended Complaint acknowledges that the Medical Plan is governed by ERISA (Am Compl. ¶1). However, the plaintiffs asserted in their Rule 26(f) Report that "the Court does not have jurisdiction over this matter since it is a suit brought by an Employee Benefit Plan and its Administrator against an insurer from whom the Plan purchased a policy which the insurer breached." (Docket #13 ¶ 2). The plaintiffs make no argument in their Opposition that their state law claims are not preempted by ERISA, which is likely because they cannot win on this argument. Instead, the plaintiffs simply argue that, even presuming

---

[6]The plaintiffs, somewhat confusingly, neither acknowledge or discuss whether their claims are preempted by ERISA. Instead, they argue that, regardless, the claims survive a motion to dismiss.

Case 2:15-cv-00826-JPS    Filed 01/08/16    Page 7 of 17    Document 34

that Ms. Roytek's claims are governed by ERISA, they are nonetheless claims which she may pursue in this Court. (Pls' Opp. at 3, Docket #20).

The Court need not dwell long on the issue of preemption; indeed, both state claims in this case, breach of contract and bad faith, are unambiguously preempted by ERISA. *See Tomczyk v. Blue Cross & Blue Shield United of Wis.*, 951 F.2d 771, 777 (7th Cir. 1991) (per curiam) ("[S]tate law breach of contract…claims are preempted by ERISA."); *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 657-58 (7th Cir. 1992) ("[U]nder Pilot Life the Smiths' [bad faith] claims are clearly preempted by ERISA.").

Under normal circumstances, ERISA preemption would result only in the Court transforming the claims under ERISA or in the Court granting the plaintiffs another opportunity to amend the complaint. *See, e.g., McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427-28 (7th Cir. 2005); *Univ. of Wis. Hosp. & Clinic Auth. v. Aetna Life Ins. Co.*, No. 14-CV-882-BBC, 2015 WL 1065559, at *1 (W.D. Wis. Mar. 11, 2015) ("Because I conclude that plaintiff's claims are preempted by ERISA, the complaint will be dismissed, but I will give plaintiff an opportunity to amend its complaint and plead claims under ERISA."). However, as discussed more thoroughly below, the Court finds that, as currently plead, the plaintiffs' claims are moot, and also that any amendment would be futile.

### 3.2    Subject Matter Jurisdiction

"It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot." *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009). "Thus, 'if an event occurs while a case is pending…that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [case] must be dismissed.'" *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992));

Case 2:15-cv-00826-JPS    Filed 01/08/16    Page 8 of 17    Document 34

*see also Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) ("Federal courts lack subject matter jurisdiction when a case becomes moot.").

The defendants argue that the plaintiffs' claims are now moot because the plan participant here, Ms. Roytek, is now eligible to receive the exact benefits she seeks in the lawsuit. (Defs' Opening Br. at 10, Docket #16). Ms. Roytek filed this suit on June 23, 2015, before she finished exhausting her internal appeals under the Medical Plan. (*See* Docket #1-1). On August 13, 2015, through their medical Grievance Committee, the defendants "decided to overturn the previous denial of benefits for the proposed oral surgery services." (Declaration of Brandi Easterday, Ex. A ("August 13 Letter") at 2).

The plaintiffs offer three separate reasons as to why the claims are not moot. First, the plaintiffs point out that the defendants approved only two out of the five requested medical procedures. Specifically, the defendants have not approved treatment for claims #D6010, #D6010, and #CPT 70486, which relate to dental implants and CT scans (Pl's Opp. at 8, Docket #20). Second, the plaintiffs argue that a live controversy exists as to the two approved medical treatments (claim #21196 and #21142) because there still remains uncertainty as to "how much is covered" given the language of the plan. (Pl's Opp. at 8). Lastly, the plaintiffs argue that, even if the defendants unequivocally granted all the relief the plaintiffs requested, its claims would not be mooted because Ms. Roytek has begun her treatments that will last approximately fourteen months. Thus, the plaintiffs argue that defendants will not receive Ms. Roytek's bills for over fourteen months and the issue as to "whether Defendants have paid what they should have paid" remains a live controversy. (Pl's Opp. at 8-9, Docket #20).

The Court finds two significant problems with the plaintiffs' arguments. First, as to the three treatments that the defendants have not approved (claims #D6010, #D6010, and #CPT 70486), for dental implants and CT scans, the language in the Amended Complaint nowhere identifies or suggests that the plaintiffs were seeking benefits for a CT scan or dental implants. Ms. Roytek "was diagnosed by her health care providers as needing complex oral surgery to correct a class II malocclusion and transverse maxillary deficiency." (Am. Compl., Docket #11 ¶ 7). The Amended Complaint language reads that defendants "refused to authorize the treatment recommended to" Ms. Roytek. (Docket #11 ¶ 15). The plaintiffs' Opposition, filed four months after the initial complaint, is the first mention of a request for any benefits beyond an oral surgery. (*See* Pl's Opp. at 8, Docket #20). The plaintiffs' attempt to plead new allegations in their Opposition is impermissible. *See Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984) ("The Court notes that it will not consider allegations made by Plaintiff in its brief that do not appear in the Complaint, as 'it is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.'"); *see also Cheese Depot, Inc. v. Sirob Imports, Inc.,* No. 14-CV-1727, 2015 WL 7251949, at *4 (N.D. Ill. Nov. 17, 2015) (granting motion to dismiss where amended complaint failed to include factual allegations). Thus, the plaintiffs' cannot claim a live controversy exists over factual allegations that are not contained in the Amended Complaint.

It is undisputed that the defendants authorized the request for Ms. Roytek's oral surgery in the course of an administrative appeal (*see* August 13 Letter at 3, Docket #17), which is precisely the grievance expressed in the plaintiffs' Amended Complaint. (*See* Docket #11 ¶ 15) (The defendants "refused to authorize the treatment recommended."). Because Ms. Roytek

received the authorization she sought in the Amended Complaint, there is no further relief this Court can fashion. Thus, as currently plead, the Court finds that the plaintiffs' claims are now moot.

Second, the Court finds the plaintiffs' arguments regarding a live controversy over the uncertainty of future medical bills to be wholly without merit. Nowhere in the Amended Complaint do the plaintiffs reference any facts regarding the payment of future medical bills. Now, however, the plaintiffs ask this Court to find a live controversy based on the fact that it is unclear to what extent the defendants will pay Ms. Roytek's future medical bills for treatment that will occur over the course of fourteen months. (*See* Pl's Opp. at 8-9, Docket #20). The plaintiffs maintain that the "Court can fashion meaningful relief for Ms. Roytek by eventually determining [the coverage for her claims]…when they are completed 14 months from now." (*See* Pl's Opp. at 9, Docket #20).

To begin, the Court notes that in fourteen months, or, more specifically, fourteen months from the date of the plaintiffs' Opposition, this case will be long over. In accordance with Federal Rule of Civil Procedure 1, this Court makes every effort to secure a "just, speedy, and inexpensive determination of every action and proceeding," and, in doing so, strictly adheres to its Scheduling Orders absent a showing of good cause. Trial in this case is currently set for June 6, 2016, (Docket #27), nearly half a year prior to the time the plaintiffs anticipate the completion of Ms. Roytek's treatment. (*See* Pls' Opp. at 9). The plaintiffs' expectation that the Court will prolong this case in the event that defendants *may* or *may not* follow through on paying unidentified medical bills at some point in the future is simply untenable.

Case 2:15-cv-00826-JPS   Filed 01/08/16   Page 11 of 17   Document 34

Untenable, that is, more specifically because the issues that the plaintiffs claim to be a live controversy are not ripe for review. "A claim is not ripe if it 'rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Harris v. Quinn*, 656 F.3d 692, 700 (7th Cir. 2011) (quoting *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008)). The plaintiffs' *potential* claims for the defendants' *potential* misbehavior at some point in the distant future is a prime example of a claim that is not yet ripe for review. There are far too many uncertainties as to these claims, such as whether Ms. Roytek will even maintain the same Medical Plan throughout this time period, what treatment Ms. Roytek actually receives, and how the defendants respond to any future medical bills, that prevent them from being ripe for review. Thus, the Court finds that no live case or controversy exists as to the plaintiffs' claims.

In sum, the Court finds it does not have subject-matter jurisdiction over the plaintiffs' claims because there is no live case or controversy. In relation to the claims for Ms. Roytek's oral surgery approval, the Court finds that they are indeed moot because Ms. Roytek received the authorization she sought and it is impossible for the Court to grant any effectual relief. In relation to the plaintiffs' potential future claims against the defendants, the Court finds these claims to be unripe for review. In the event that problems arise with any future medical bills and treatments for Ms. Roytek, the plaintiffs will be able to bring new claims in the event that a case and controversy exists. In conclusion, there is no live controversy and the Court is obliged to grant the defendants' motion to dismiss. Whether the Court should grant leave to amend the complaint is a separate issue that will be discussed below.

### 3.3 Leave to Amend

The plaintiffs have already amended their original complaint once in this case as a matter of course. (Docket #11). Under Federal Civil Rule of Procedure 15, parties may move for leave to amend their pleadings, and "[the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The standard to allow amendments is liberal because "the pleading rules favor decisions on the merits rather than technicalities," *Stanard v. Nygren*, 658 F.3d 792, 800-01 (7th Cir. 2011), and the Seventh Circuit has a policy favoring the resolution of cases on the merits. *See Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). A plaintiff's right to amend, however, is not absolute. *Brunt v. SEIU,* 284 F.3d 715, 720 (7th Cir. 2002). Leave to amend is "appropriately denied when, among other reasons, the amendment would be futile." *Id.*

As discussed above, the Court finds that the plaintiffs' claims as currently plead are preempted by ERISA, and, even if the Court transformed the Amended Complaint into ERISA claims, they are moot because the defendants already authorized the treatment as "medically necessary" that Ms. Roytek sought for oral surgery. The Amended Complaint did not seek relief for the dental implants or CT scan, however, the question remains whether the Court should grant leave to amend in relation to these claims.

The Court finds that granting leave to amend at this point would be futile and that justice does not so require it. As the defendants point out, the Medical Plan expressly excludes both dental implants and CT scans from coverage. (*See* Reply at 7, Docket #29). The relevant language of the Medical Plan states:

We do not provide benefits for procedures, equipment, services, supplies, or charges:

…

28.     For dental implants.

…

30.     For Dental x rays, supplies & Appliances and all associated expenses, including hospitalization and anesthesia, except as required by law.

(Docket #31, Smith Decl., Ex. A, at M-56, M-59.) The Court may consider the terms of the plan on a motion to dismiss without converting it into a motion for summary judgment. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim."). Given the express language of the Medical Plan, the Court finds that granting the plaintiffs leave to amend to add claims for dental implants and CT scans would be futile. Thus, the Court will grant the defendants' motion to dismiss without granting leave to amend the complaint.

3.4     Attorney Fees

The plaintiffs argue that a live controversy nonetheless exists because they are entitled to attorney fees and costs under Section 502(g)(1) of ERISA. (Pls' Opp. at 9, Docket #20).[7] In most lawsuits seeking relief under ERISA, "reasonable attorney's fee and costs" are available "to either party" at the court's "discretion." §1132(g)(1). The U.S. Supreme Court has held that this provision does not require a claimant be a "prevailing party" in order to

_____

[7]The plaintiffs' argument is, of course, rather confusing since the Amended Complaint does not bring any claims under ERISA. As discussed above, however, the Court finds that the state law claims are preempted by ERISA and, therefore, the Court will continue the analysis as to whether the plaintiffs would be entitled to attorneys fees under ERISA.

recover fees. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010). However, a claimant must show "some success on the merits." *Id.* at 255. "Trivial success on the merits" or "purely procedural" victory does not satisfy the standard. *Id.*

In *Reimann v. Prudential Ins. Co. of Am.,* No. 10-CV-456, 2010 WL 4116743, at *2 (E.D. Wis. Oct. 19, 2010)*, this Court applied the *Hart* standard for attorney fees and found the plaintiffs failed to show "some success on the merits" where the plaintiffs' claims were mooted by the grant of benefits pursuant to an internal ERISA appeal. *Id.* Additionally, the Court analyzed the facts under the Seventh Circuit's "prevailing party" standard and found that where "none of the facts appear to show that [the defendant] only made its decision because [the plaintiff] filed suit," no fee award was appropriate.

Here, the Court finds that attorney fees are not appropriate, even if the plaintiffs were allowed to amend their complaint to plead ERISA claims. Similar to *Reimann,* although the plaintiffs have received the relief they sought—approval for Ms. Roytek's oral surgery—the Court cannot say that the plaintiffs achieved any success based on the actual merits in this case. The simple fact of the matter is that no merits were ever reached. *See Reimann*, 2010 WL 4116743, at *2. Also, similar to *Reimann,* there is nothing in the record that the defendants made its decision to approve benefits only because the plaintiffs filed suit. Indeed, the record indicates that the internal grievance appeal was not filed until after the initial filing of suit, and the grievance outcome letter provides that additional medical information was submitted during the grievance process. (*See* August 13 Letter at 2-3, Docket #17). In other words, this is not the situation where literally nothing occurred from the time the plaintiffs brought this action to the time the defendants

approved benefits and effectively mooted the case. As, such, the Court finds that the plaintiffs did not achieve "some success" on the merits and, therefore, are not entitled to attorney fees.

4.        CONCLUSION

As discussed above, the Court finds that the Amended Complaint fails to state a claim upon which relief may be granted because the plaintiffs' claims are preempted by ERISA. The Court further finds that the plaintiffs' claims were mooted when the defendants authorized the requested medical procedure for oral surgery, and that any amendment in relation to dental implants and CT scans would be futile in light of the express language of the Medical Plan. Finally, the Court finds that the plaintiffs are not entitled to attorney fees.

Accordingly, the Court will grant the defendants' motion to dismiss and will dismiss this action, with prejudice, for lack of subject matter jurisdiction. To be clear, the Court dismisses the claims with prejudice only to the extent that the claims were plead in the Amended Complaint. In other words, in the event that any future problems arise with regard to the payment of Ms. Roytek's medical bills, those claims may be brought at a time when they are ripe for review and a live case and controversy exists between the parties.

Accordingly,

IT IS ORDERED that the defendants' motion to dismiss the complaint (Docket #15) be and the same is hereby GRANTED and this action be and the same is hereby DISMISSED for lack of subject matter jurisdiction; and

IT IS FURTHER ORDERED that the defendants' motion to restrict document (Docket #14) be and the same is hereby GRANTED.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge